Allen, J.
The demandants, to sustain their title, offered in evidence a patent from the Commonwealth for the land claimed, and sundry conveyances deducing the title from the patentee to John Rosebrough; and then offered in evidence a copy of a decree frota the late District Court of Chancery in luewisbnrg, and a conveyance by the marshal alleged to have been made in pursuance of the decree. To the reading of the decree and conveyance of the marshal the tenant objected, because the record of the proceedings in the cause in which the decree was rendered, was not produced. The objection was overruled and the tenant excepted. The decree here was relied on and offered, as a necessary *171 link in the chain of title. The marshal’s deed would have availed nothing, unless made by due authority; and the recitals therein were no evidence of any such authority as against the tenant. It was decided in White v. Clay's ex'ors, 7 Leigh 68, which was a suit on an injunction bond, that extracts from the record of the injunction cause, of the decrees in the cause, are competent and sufficient evidence, without producing the whole record. This Court, during the present term in the case of Wynn v. Harman, supra, 157, held that a decree of partition and a deed made in pursuance thereof might be offered in evidence, without the production of the whole record ; the decree sufficiently describing and pointing out the laud which the commissioner was directed to convey. But the decree so offered must satisfactorily establish the fact, it is offered to prove: and this it seems to me the decree under consideration does not. It merely directs the marshal to convey on behalf of Ebenezer Welch, all the right, title and interest, he may have in the land in the bill mentioned. But there is no other or further description of the land either specifically, or by reference to conveyances. The Court may, and in support of the verdict, would presume that evidence was adduced to prove that the title had vested in Ebenezer Welch; but that is not the difficulty. The question is what tract of land did this decree direct the marshal to convey? Does his authority to convey the tract in his deed described, distinctly appear on the face of the decree standing alone? No doubt the bill or other parts of the record, if produced, would shew that the land described in his deed was the land intended to be conveyed. The decree refers to the bill as describing the land; and it was incumbent on the demandants, if they wished to avoid the expense of procuring a full copy of the record, to have produced so much thereof as would satisfactorily prove the authority of the marshal to convey the very land he undertook to convey. *172 For any thing appearing upon the face of the mere decretal order, it may have referred to some other tract to which the said Ebenezer Welch had title, and which was the subject of controversy in that suit.
I think the objection to the reading the decree and deed was well taken, and should have been sustained.
A second bill of exceptions was taken to a decision of the Court overruling an objection made by the tenant to the reading so much of a deposition of a witness, as detailed the statements made to the witness by one of the grantees, under whom the demandants claimed, and who had been dead many years. It is said by Abbot, C. J. (with whom the other Judges concurred,) in the King v. Debenham, 2 Barn. & Ald. 185, “to be an established principle, that nothing said or done by a person, having at the time an interest in the subject matter, shall be evidence for him or persons claiming under him.”
In Outram v. Morewood, 5 T. R. 121, entries made by a third person deceased, in his books of receipts of rent from his tenant for a particular estate, were held not to be evidence to prove the identity of the land, in a cause between two others. Buller, J. observed, “that he considered the entries in the same light as declarations by the individual; but evidence not on oath is not admissible, except in case of pedigree and certain other excepted cases, or where the declaration is evidence against the party making it.”
This general principle was not controverted in the argument, but, it was contended that this was a question of boundary, on which hearsay was admissible. It does not appear to me that the declarations deposed to, had respect to boundary so much as to title. The boundary was not the subject of conversation, or referred to in the declarations. Upon being asked where the good lands lay, the patentee pointed out certain localities as laud claimed by him under his grant. When, at a snbse *173 quent period, a controversy arose as to the identity or precise situation of the land, the tenant contending that by the course and distance of the lines in the patent, the land in controversy was not included, the demandants insisting upon being bounded by certain marked lines and corners, these declarations of the former owner may have had a material influence in determining the question, whether the course and distance or the marked lines and corners should govern.
If the good lands pointed out by him to the witness, did belong to him, it would strengthen the presumption that the corners and lines found marked, or seen by the witnesses in that vicinity, were in fact the true boundaries of the land described in the grant. It was evidence of a particular fact, a right to a particular piece of land, which, if true, supported the pretension that certain boundaries claimed, were the true boundaries: for, supposing this piece of land so pointed out to be actually embraced by his patent, then the calls for course, &c. must be disregarded, as they would exclude the land, and furnished a strong presumption in favour of the other hypothesis.
It was argued that the statements so detailed by the witness in his answer to the first interrogatory, were mere inducement to the main portion of his deposition in reference to the marked lines and corners. It does not seem to have been so regarded by the parties or Court below. If it had been, the jury would have been instructed to disregard it; but the Court permitted the whole deposition to be read as evidence. The jury under this decision, had a right to regard it as proper for their consideration; and it is not for the Court to conjecture what influence it may have had; if improper, it should have been excluded. But it may be readily perceived, that if the other evidence left it doubtful whether the pretensions of the demandants or the tenant were correct, evidence of such declarations made under *174 the circumstances detailed, may have had a material influence on the determination of the question,
case of Richardson v. Carey, 2 Rand. 87, has settled the question presented by the third bill of excep^0118, interest of the witness, if any, was one in the question and not in the result of the suit.
An objection is made to the form of the verdict, as not being responsive to the issue, but as by the decision of the Court, on the questions presented by the first and second bills of exceptions, the judgment must be reversed and verdict set aside, it is unnecessary to consider this objection.
The other Judges concurred.