# 𝔐𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## KREBS' EXECUTORS v. WELCH'S ADMINISTRATOR.

### November 17, 1910.

#### Absent, Cardwell, J.

1. BREACH OF GENERAL WARRANTY—*Who May Sue.*—In order for one not the grantee in a deed to recover for a breach of covenant of general warranty, it is necessary for him to show that he is the vendee or assignee of the grantee, or of those who claim under him.

2. EVIDENCE—*Judgment Without Record—Case at Bar.*—Whether or not a judgment or decree, without any other portion of the record, is competent and sufficient evidence, depends upon whether or not the judgment or decree so offered satisfactorily establishes the fact it is offered to prove. In the case at bar, the judgment offered to show that the plaintiff therein acquired title to land under it, does not establish that fact, and is not admissible in evidence as a link in the plaintiff's title in an action to recover for a breach of a covenant of general warranty made by his predecessor in title.

3. EVIDENCE—*Judgment Between Other Parties.*—In an action against the personal representative of A to recover for the breach of a covenant of general warranty in a deed of conveyance, a decree rendered in another suit by the same plaintiff, to which such· representative was not a party, adjudging that certain designated persons were the only heirs of A, is not admissible in evidence to prove that fact, but it must, if relied on, be proved by evidence *aliunde.*

Appeal from a decree of the Circuit Court of Frederick county. Decree for the complainant. Defendant appeals.

*Reversed.*

The opinion states the case.

*Walton & Walton* and *Carroll G. Walter*, for the appellant.

*R. Gray Williams*, for the appellee.

BUCHANAN, J., delivered the opinion of the court.

T. D. Welch, the appellee's intestate, filed his petition in a suit for the administration of the estate of Isaac Krebs, asserting a claim against it. Welch died pending the suit, and his administrator filed an amended petition. The material averments of the petition and the amended petiton are, that by a deed executed in the year 1881, Issac Krebs, of the county of Frederick, State of Virginia, in consideration of the sum of $1,151.25, paid and to be paid as provided in the deed, conveyed to William Cunningham, of Harris county, State of Texas, 2,302 1-2 acres of land situated in the last-named county; that said Cunningham departed this life seized and possessed of the land, and that upon his death the land, by inheritance, became the property of his brothers, C. N. Cunningham, Albert Cunningham and Edward Cunningham, and his sister, Ella Cunningham; that Albert and Edward conveyed their interests in the land to their sister, Ella, as follows: Albert, by his brother, Charles N., his attorney in fact, conveyed by deed dated March 8, 1884, and Edward, by his attorney in fact, Charles N., conveyed by deed of like date; that Charles N., as attorney in fact for his sister, Ella, by deed dated October 2, 1883, and in his own right, conveyed the land to T. D. Welch, by a deed dated May 3, 1884. Copies of said powers of attorney and deeds are filed with the petitions as exhibits. The petitions further aver that in November, 1884, a judgment was entered by the District Court of Harris county, Texas, a court of competent jurisdiction and having all proper parties before it, in proceedings duly instituted by T. D. Welch against the said Charles N., Albert, Edward and Ella Cun-

ningham, by which it was adjudged that the plaintiff in that proceeding recover of the defendants therein, by virtue of the right vested in him as thereinbefore recited, the said land, as more fully appears from a copy of the judgment filed therewith; that in February, 1883, a suit in form of trespass to try title was instituted by the heirs of Alfred Bodman against T. D. Welch and others to recover a tract of land of which the land conveyed by Isaac Krebs to William Cunningham was a part; that the defendant, T. D. Welch, defended the suit, but upon trial there was a verdict and judgment therein in favor of Bodman's heirs for the 2,302 1-2 acres of land; that said judgment was upon appeal affirmed by the Supreme Court of Texas and Welch was evicted from the land by title paramount to that of Krebs; that by reason of the matters set out in the petition and amended petition the appellee as the personal representative of T. D. Welch is entitled to recover from Krebs' estate the damages sustained by his decedent to the extent of the purchase money received by Krebs and the costs and expenses sustained by Welch in defending his title to the land, or if this be not the proper measure of compensation, such other measure of damages as is proper under the covenant of warranty given by Krebs in his conveyance to William Cunningham.

Upon a final hearing a decree was entered in favor of the appellee, Welch's administrator, for the sum of $1,151.25, with six *per cent.* interest thereon from the 28th of February, 1890. From that decree and another entered at the October term, 1905, this appeal was granted.

One of the errors assigned is that the appellee was not entitled to recover, because he has not shown that his intestate (Welch) was in any way connected with Krebs' grantee so as to succeed to the rights of such grantee, even if Krebs' covenant were one that would enure to the benefit of an assignee of Krebs' grantee.

In order for the appellee to recover on Krebs' covenant of

warranty, it was necessary, among other things, for him to show that his decedent was the vendee or assignee of Cunningham, or of those who claim under him. One of the instruments offered in evidence by the appellee was to show that his decedent was such vendee or assignee, namely, a judgment rendered in the case of *Townsend D. Welch* v. *C. N. Cunningham, et. al.*, by the District Court of Harris county, Texas, in which it was adjudged and decreed that the defendants, C. N. Cunningham, Ella E. Cunningham, Albert Cunningham and Edward Cunningham, were the only heirs of William Cunningham, their deceased brother, who formerly owned the land sued for; that the other defendants had conveyed their entire interest in said land to said defendants, C. N. Cunningham and Ella E. Cunningham, and that they had conveyed their entire interest in said land by their deed executed on the 31st day of May, 1884, to the plaintiff in this suit; and that said plaintiff, Townsend D. Welch, is entitled to recover, and that he hereby recovers of all of said defendants the land sued for, which from the description given in the judgment appears to be the same land conveyed by Krebs to William Cunningham. The judgment further provided that the plaintiff shall be quieted in his title and should have a writ of possession when asked for.

That judgment, it is insisted, is not admissible in evidence against the appellants for several reasons, among others that the judgment alone was offered without any other part of the record; and that even if the whole record had been offered it would not have been admissible against the appellants, because their decedent was not a party to the cause.

Whether or not a judgment or decree, without any other portion of the record, is competent and sufficient evidence, depends upon whether or not the judgment or decree so offered satisfactorily establishes the fact it is offered to prove.

In the case of *Masters* v. *Varner's Exors*, 5 Gratt. 171, 50 Am. Dec. 114, where a decree and a marshall's deed, made,

as alleged, in pursuance of the decree, were relied upon, Judge Allen said: "The decree here was relied on and offered as a necessary link in the chain of title. The marshall's deed would have availed nothing unless made by due authority; and the recitals therein were no evidence of any such authority as against the tenant. It was decided in *White* v. *Clay, Exor,* 7 Leigh 68, which was a suit on an injunction bond, that extracts from the record of the injunction cause, of the decrees in the cause, are competent and sufficient evidence, without producing the whole record. This court (during the present term, in the case of *Wynn* v. *Harman, supra,* 157, 5th Gratt.) held that a decree of partition and a deed made in pursuance thereof might be offered in evidence without producing the whole record; the decree sufficiently describing and pointing out the land 'which the commissioner was directed to convey. But the decree so offered must satisfactorily establish the fact it is offered to prove * * * *." See also, *Richardson, Admr.,* v. *Prince George Justices,* 11 Gratt. 190, 197.

The only part of the record in *Welch* v. *Cunningham* offered in evidence was the judgment rendered therein. It does not show that the plaintiff in that suit acquired any title under it, but it rather indicates, as does the original petition of Welch, that the object of the suit was to recover posession of the land to which he had acquired or claimed title under his conveyance of May 31, 1884. If that was the purpose and effect of the suit, then the record in that case was not a necessary link in establishing the appellee's claim that he was the grantee or assignee of William Cunningham, and was not admissible evidence for that purpose.

But conceding that the judgment or decree alone sufficiently established the fact it was offered to prove and was admissible as a link in the appellee's chain of title, it was not, under our decisions, competent evidence against the appellants to prove that the defendants in that suit were the heirs of Wil-

liam Cunningham, and that they had acquired his interest and rights under the Krebs deed.

In the case of *Lovell* v. *Arnold*, 2 Munf. 167, it was held that in tracing title to land in controversy a decree in a suit between the parties was not evidence against a person claiming under neither of them, that one of them was in fact, as therein described, the eldest son and heir of a former proprietor, it being incumbent upon the party wishing to avail himself of such fact to prove it by evidence *aliunde*, though such decree might be received as a link in the chain of evidence to prove the fact that it was rendered.

And in the case of *Duncan* v. *Holmes*, 8 Gratt. 68, it was held, that it was not competent for the demandants on the trial to rely on the record of a suit in chancery between John Belden and Daniel Nichols and others for the purposes of showing that the said Daniel was the heir of Sustin Nichols, and that the legal title to the land in controversy was in him, neither the demandants nor the tenant being parties to the suit.

The judgment in the case of *Welch* v. *Cunningham, and others*, being incompetent to establish the fact that the defendants in that suit were the heirs of William Cunningham, or that they had acquired his rights under the Krebs conveyance, and there being no other evidence offered to show that they were such heirs or had acquired such interest, the appellee was not entitled to recover damages for a breach of the covenant of warranty in the Krebs deed, even if a grantee or assignee of William Cunningham could recover such damages, where, as in this case, the lands were wild and uncultivated and had never been in the possession of Krebs, Cunningham or his grantee or assignee.

The failure of the appellee to show that his decedent had acquired the interest or rights of William Cunningham under, his conveyance from Krebs was fatal to any recovery on his part upon the covenant contained in Krebs' deed. This being

so it is unnecessary to consider any of the other errors assigned.

The decree of July 14, 1909, must, therefore, be reversed and annulled, and this court will enter such decree, dismissing appellee's petition, as the circuit court ought to have entered.

*Reversed.*